IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROBERTO APONTE CINTRON, et al.

Plaintiffs

v.

SAN JUAN GAS, INC. et al.

Defendants

Civil No. 96-2448(SEC)
Personal Injury

**OPINION AND ORDER**

Pending before the Court is a motion by co-defendant San Juan Gas, Inc. (hereinafter "SJG" to dismiss for nonjoinder of non-diverse indispensable parties pursuant to Fed. R. Civ. P. 12(b)(7) and 19(b) (**Docket # 44**), which was duly opposed (**Docket # 47**).[1] For the reasons set forth below, co-defendant's motion to dismiss (**Docket # 44**) is DENIED.

**Background**

This is a wrongful death action arising out of a traffic accident in which co-defendant Margarita Segarra, after losing control of her car as it fell into a certain hole on Domenech Avenue, struck Roberto Aponte Vera (hereinafter the "decedent"). As a result, Aponte Vera suffered severe injuries which eventually resulted in his death. Plaintiffs, the decedent's son, Roberto Aponte Cintrón, his wife and their children (the decedent's grandchildren), who are all Florida residents, contend that the adequate cause of the accident was the "combined joint and several negligence of all co-defendants, to wit: the Municipality of San Juan, Enron [Corporation] and S[an] J[uan] G[as], for negligently opening and/or allowing the opening of the dangerous hole at Domenech Avenue



---

[1] A reply and a sur-reply (**Dockets # 53 and # 57**), as well as other related motions (**Dockets # 64 and # 67**), were also filed and considered by the Court.

**Civil No. 96-2448(SEC)** 2

without properly covering them, nor providing protective barriers or any kind of warning to the public about the dangerous condition of the road, and Margarita Segarra for her negligent driving" (**Docket # 29, at ¶ 11**).[2] Jurisdiction is premised on diversity.

In the complaint, plaintiff Aponte Cintrón, as the decedent's forced heir,[3] seeks compensation both for his own pain and suffering and the pain and suffering of the decedent.[4] Under Puerto Rico law, a cause of action for the pain and suffering experienced by a decedent prior to his death passes on to his/her estate, in accordance with the law of inheritance, and is actionable by his/her heirs as part of their legal portion (*legítima*). See Molina v. C.R.U.V., 114 D.P.R. 295, 313 (1983); Vda. de Delgado v. Boston Ins. Co., 101 D.P.R. 598, 607 (1973). In addition to Aponte Cintrón, there are two other non-diverse forced heirs of the decedent: his other son, Gabriel Aponte Cintrón, and his widow, María Milagros Cintrón (**Attachment to Docket # 57**). In its motion, SJG contends that as the survivorship claim belongs to the estate, said other forced heirs who are not parties to this lawsuit are indispensable, and since joining them would defeat the Court's subject matter jurisdiction, this

---

[2] The complaint against co-defendant Enron Corporation was dismissed pursuant to the parties' stipulation for voluntary dismissal (**Dockets # 38 and 42**).

[3] According to article 736 of the Puerto Rico Civil Code, forced heirs are:

    (1) Legitimate children and descendants, with regard to their legitimate parents and ascendants, and legally recognized natural children, with regard to their natural or legitimate parents and ascendants.
    (2) In the absence of the foregoing, the legitimate parents and ascendants, with regard to their legitimate children and descendants.
    (3) The widower or widow . . . .

31 L.P.R.A. § 2362 (1993).

[4] Co-plaintiffs, Aponte Cintrón's wife and their children, seek compensation only for their own pain and suffering.

AO 72A
(Rev.8/82)

**Civil No. 96-2448(SEC)** 3

suit should be dismissed altogether. Alternatively, SJG argues that the survivorship claim should be dismissed.

**Applicable Law/Analysis**

The First Circuit in <u>Pujol v. Shearson/American Express</u>, 877 F.2d 132 (1st Cir. 1989) explained the analytical sequence that a district court should follow in deciding a party joinder problem under Rule 19(b) as follows:

> Rule 19(b), which governs indispensable parties, works in two steps. Step one requires the district court to decide whether a person fits the definition of those who should "be joined if feasible" under Rule 19(a). That is to say, is the person (what use to be called) a "necessary" party? Rule 19(a) says that a person should be joined, when feasible,
>
>> if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.
>
> If the person is a "necessary" party (i.e., fits the definition of Rule 19(a)), but joinder is not feasible, the court must take step two. It must decide, using four "factors," whether "in equity and in good conscience the action should proceed among the parties before it, or should be dismissed." That is to say, is the party "indispensable?" Rule 19(b) says that
>
>> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

<u>Id.</u> at 134 (citation omitted).

AO 72A
(Rev.8/82)

**Civil No. 96-2448(SEC)**                                                                                              4

Following this framework, we consider whether plaintiff Aponte Cintrón's claim for the decedent's pain and suffering should be dismissed.[5] SJG's argument, although not so clearly framed, seems to be that those forced heirs of the decedent who are not parties to this action have an "interest relating to the subject matter" of this action and are "so situated" that its disposition in their absence may, "as a practical matter[,] impair or impede" their "ability to protect that interest." Fed. R. Civ. P. 19(a)(2)(i). Said interest is, of course, their right to the decedent's cause of action for his pain and suffering, which, upon his death, became part of his estate, and accordingly, part of said heirs' legal portion. Molina, 114 D.P.R. at 313; Vda. de Delgado, 101 D.P.R. at 607; Civil Code of P.R., art. 608, 31 L.P.R.A. § 2090 (1993) ("The inheritance includes all the property, rights, and obligations of a person which are not extinguishable by his death.").

As it may be gleaned from the parties' pleadings, partition has not yet been effected. Plaintiffs do not dispute that it has. Therefore, for purposes of this motion, we shall proceed under the assumption that partition has not taken place, and that the decedent's estate remains undivided. Under these circumstances, none of the heirs possess a determinate quota over a specific part of the estate, but an abstract and global right in the estate as a whole. See, e.g., Kogan Huberman v. Registrador, 125 D.P.R. 636, 652 (1990) (before partition, the heirs possess only an indeterminate right in the estate). This state of common ownership over a decedent's estate is known under Puerto Rico law as an hereditary community (*comunidad hereditaria*). See id. at 649-652.

It is beyond peradventure that the absentees have an interest relating to the subject matter of this lawsuit, since, as forced heirs of the decedent, they also have a property right in the survivorship

---

[5] As plaintiffs correctly state in their opposition, SJG's motion is only directed at the survivorship claim, since the remaining claims are for their own pain and suffering (**Docket # 47, at ¶ 3**).

claim belonging to the estate.[6] See Defendini Collazo v. E.L.A., 93 J.T.S. 119. But precisely because of this relation, the interest of the absentees and that of Aponte Cintrón with regard to the survivorship claim are identical. It would be fair to assume that, in prosecuting this action, Aponte Cintrón will adequately protect the survivorship claim as a constituting part of the estate, since under Puerto Rico law, "any judgment in favor of one or more participants benefits all other participants in a community of property," whereas "any adverse judgment only prejudices the one who filed the judicial action." Danz v. Suau, 82 P.R.R. 591, 594 (1961). See also Pérez v. Cancel, 76 D.P.R. 667, 675 (1954).

Moreover, and contrary to SJG's contention, the fact that the survivorship claim in this case belongs to the estate, and not to the decedent's heirs individually, does not lead to the conclusion that all the members of the succession need to be joined. The caselaw in which SJG so strongly relies in its motion is inapposite in this context. That caselaw establishes that since under Puerto Rico law a succession does not, by itself, have existence as a juridical person, if a succession intends to sue or is to be sued, all those who compose it must be made a party to the action. See Estate of Longino Santos v. United States, 525 F. Supp. 982, 984 (D.P.R. 1981); Baker v. Estate of Rosenbaum, 58 F.R.D. 496, 498 (D.P.R. 1972); Sucn. Belaval v. Acosta, 64 D.P.R. 109, 110 (1944); Vega v. García, 61 D.P.R. 99, 101 (1942). In this case, however, the complaint was not filed by, or in the name of, the succession of Aponte Vera. More importantly, it did not have to be. "[A]ny participant may appear in court in matters affecting the community rights, either to assert or to defend them, in which case the judgment rendered in his favor will inure to the benefit of his co-participants, who will not be prejudiced by an adverse judgment . . . ." Pérez, 76 D.P.R. at 632 (citations omitted). See also

---

[6] The decent's widow's legal portion is, of course, the usufructuary quota.

**Civil No. 96-2448(SEC)**                                                                                          6

Flores v. Rodríguez, 77 D.P.R. 681, 686 (1954) ("It being the case of a compulsory community of property and rights, any of the heirs or part thereof may appear at the trial to defend his common rights, and if he prevails, his victory is for the benefit of all the co-owners.") (Judgment (*Sentencia*)), quoted in, Danz, 82 P.R.R. at 595; Tropigas de P.R. v. Tribunal Superior, 102 D.P.R. 630, 641 (1974) (similar); Civil Code of Puerto Rico, arts. 326, 328, 31 L.P.R.A. §§ 1271, 1273 (1993).

Under these circumstances, we fail to see how the absentees' nonjoinder may, "as a practical matter impair or impede" their "ability to protect" their interest in the survivorship claim. Thus, having failed "to satisfy this test, . . . [the absentees are] not even . . . 'Rule 19(a) person[s]' who should be joined 'if feasible,' let alone . . . Rule 19(b) 'indispensable part[ies].'" Pujol, 877 F.2d at 135 (citation omitted).[7] However, even assuming, *arguendo*, that the absentees could be considered "necessary" parties under Rule 19(a), they still would not be regarded as indispensable.

First, a judgment favorable to Aponte Cintrón as to the survivorship claim would benefit the absentees, while an unfavorable judgment would prejudice only him.

Second, measures could be taken in this case to avoid any prejudice to the absentees in the event of a judgement in favor of the survivorship claim should follow. For example, the Court could order that any compensation adjudged in favor of Aponte Cintrón pertaining to the survivorship claim be deposited with the Clerk of the Court for future allotment among all the heirs of the decedent pursuant to Puerto Rico's inheritance law.

"The third factor under Rule 19, the adequacy of the judgment rendered in the party's

---

[7] SJG does not discuss in its motion whether in the disposition of this action the absence of the non-diverse forced heirs may "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Therefore, we shall refrain from addressing this issue.

Civil No. 96-2448(SEC)                                                                                           7

absence, implicates 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" González v. Cruz, 926 F.2d 1, 6 (1st Cir. 1990) (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968). It is worth noting that the absentee heirs have filed a suit similar to this one in state court. However, as "any judgment in favor of one or more participants benefits all other participants in a community of property," Danz, 82 P.R.R. at 594, any favorable judgment, whether in federal or state court, will be dispositive of the survivorship claim.

Finally, while we do not harbor any doubt as to the adequacy of the Commonwealth court to protect Aponte Cintrón's rights, and while efficiency would probably be served if the survivorship claim was litigated in the same proceeding, "Fed. R. Civ. P. 19 does not permit us to treat this concern alone as a basis for refusing to exercise diversity jurisdiction." Delgado v. Plaza Las Américas, Inc., 139 F.3d 1, 3 (1st Cir. 1998). We find, thus, that in equity and good conscience, this action should proceed among the parties before the Court.

For the foregoing reasons, San Juan Gas, Inc.'s motion to dismiss (**Docket # 44**) is hereby **DENIED**.

      **SO ORDERED.**

      In San Juan, Puerto Rico, this 30th day of September, 1999.

      SALVADOR E. CASELLAS
      United States District Judge